IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | 1:21cr9 |
| ) | **Electronic Filing** |
| ) | |
| **JOSEPH LEONARD STRATTON** ) | |
| **-KIEHLMEIER** ) | |

**MEMORANDUM ORDER**

AND NOW, this 16th day of November, 2023, upon due consideration of defendant's motion to quash the indictment and the government's response thereto, IT IS ORDERED that [72] defendant's motion be, and the same hereby is, denied.

Defendant asserts the evidence presented to the grand jury was inaccurate in that the indictment charges the serial numbers on the firearms were obliterated and unreadable and therefore this presents evidence of an error that causes prejudice to his case. The government counters that "[t]he legibility of the serial numbers on the firearms is not an element of either of the charges . . . [and] the question of obliteration relates to a matter of sentencing enhancement and not guilt or probable cause to indict." Thus, the government maintains that even assuming for the sake of argument that such testimony was inaccurate, it could not have prejudiced the defendant because it was not a material component of the showing needed to charge defendant with the offenses.

It is well settled that in considering motions to quash, "a district court is bound by the doctrine of 'harmless error' and may not dismiss an indictment on the basis of prosecutorial misconduct before the grand jury without making a factual finding that the defendant was prejudiced by that misconduct." United States v. Soberon, 929 F.2d 935, 939 (ed Cir. 1991)

(citing Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) and United States v. Martino, 825 F.2d 754, 759 (3d Cir. 1987)).  The only exceptions to the harmless error standard are "where the errors are such that the 'structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice.'"  Id. at 940.

To constitute prejudice, the information before the court "must establish that 'the violation substantially influenced the grand jury's decision to indict,' or . . . there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations."  Id. at 939-40 (quoting Bank of Nova Scotia, 487 U.S. at 256 and United States v. Mechanik, 475 U.S. 66, 78 (1986)).  The allegation of "perjured testimony to the grand jury does not fall into the narrow category of cases in which dismissal of charges without a showing of prejudice is warranted."  Id. at 940.

Here, defendant highlights a potential discrepancy between the indictment's reference to the firearms having obliterated serial numbers and, apparently, defendant's own personal belief that the serial numbers were not obliterated and/or assumptions about the testimony regarding the same that was presented to the grand jury.  But even assuming that the defendant's version of events is accurate and there was misinformation presented to the grand jury about the status of the firearms' serial numbers, an obliterated serial number is not an element of either charge.  See, e.g., Indictment Memorandum at p. 2 (identifying elements of Counts 1 and 2 as set forth in the Third Circuit's Model Jury Instructions).  And in the event defendant is convicted, the court will be able to resolve any factual dispute about the issue as part of the sentencing process.  Consequently, defendant has failed to raise anything more than the potential for harmless error

with regard to the grand jury process and his motion to quash must be denied.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc: Molly W. Anglin, AUSA
      Frank C. Walker, Esquire

      (*Via CM/ECF Electronic Mail*)