# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:21cr9 |
| | ) | **Electronic Filing** |
| | ) | |
| **JOSEPH LEONARD STRATTON** | ) | |
| **-KIEHLMEIER** | ) | |

## MEMORANDUM OPINION

On February 17, 2021, a grand jury returned a two-count indictment against Joseph Leonard Stratton-Kiehlmeier ("defendant") charging him at Count One with Possession of an Unregistered Firearm, on or about January 22, 2020, in violation of Title 26, United States Code, Section 5861(d), and at Count Two with Transfer of Firearms in Violation of The National Firearms Act, on or about January 22, 2020, in violation of Title 26, United States Code, Section 5861(e), and Title 18, United States Code, Section 2.  A jury trial has been scheduled for July 29, 2024, and the parties have filed all pertinent submissions pursuant to this Court's Trial Scheduling Order entered on May 17, 2024.

On July 22, 2024, defendant filed an objection to government's *voir dire* as it relates to Count Two of the Indictment.  Defendant argues that his due process rights were violated because the Indictment Memorandum does not set forth the elements of aiding and abetting and he purportedly was not informed of the elements of "aiding and abetting" at his arraignment. Therefore, defendant asserts that the court should strike the reference to "aiding and abetting" from the government's Statement of the Case and prohibit the government from arguing any theory involving aiding and abetting at trial.

The government maintains that the words "aiding and abetting" need not appear in the indictment, nor does the indictment even have to refer to the aiding and abetting statute in order to convict a defendant based on an aiding and abetting theory. This assertedly is so because aiding and abetting is not a stand-alone crime. Rather, aiding and abetting is implied in every federal indictment, regardless of whether it is specifically mentioned. But even looking beyond this principle, the government argues that it has made defendant clear of its intention to prosecute him under the theory of aiding and abetting since the criminal case was filed, thereby putting him on notice of its theory for almost three and a half years. Based on this, the government contends that defendant's objection should be overruled. We agree.

Defendant's argument that his rights were violated because the Indictment Memorandum fails to list the elements of the crime "aiding and abetting" is unavailing and misses the mark. The United States Court of Appeals for the Third Circuit has explained that every "indictment must be read as if 18 U.S.C. § 2 were embodied in each count." United States v. Forsythe, 560 F.2d 1127, 1136 n. 15 (3d Cir.1977). "Accordingly, the 'indictment need not specifically charge aiding and abetting in order to support a conviction for aiding and abetting.'" United States v. Wasserson, 418 F.3d 225, 232 (3d Cir. 2005) (quoting Forsythe, 560 F.2d at 1136 n. 15). Furthermore, a **"[f]ailure to allege the statutory elements will not be fatal** provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication." United States v. Hodge, 211 F.3d 74, 76-77 (3d Cir. 2000) (quoting Gov't of Virgin Islands v. Moolenaar, 133 F.3d 246, 249 (3d Cir. 1998)) (emphasis added).

Here, defendant only takes issue with the Indictment Memorandum. While the Indictment Memorandum does list the "aiding and abetting" statute, that being Title 18, United States Code, Section 2, beneath the "Title/Section" heading of Count Two under Section I – "The

Indictment," it fails to specifically list the elements of "aiding and abetting" under Count Two of Section II – "Elements of the Offenses."  Rather, as it relates to Count Two, the Indictment Memorandum only lists the elements for the offense of Transfer of Firearms in Violation of the National Firearms Act, pursuant to Title 26, United States Code, Section 5861(e).  But as defendant well knows, the Indictment itself at Count Two unequivocally reads that "defendant, Joseph Leonard Stratton- Kiehlmeier, did knowingly and unlawfully transfer, **and did aid and abet another** in the transfer of, firearms . . . [i]n violation of Title 26, United States Code, Section 5861(e) and **Title 18, United States Code, Section 2**."  (emphasis added).

Accordingly, because there can be no dispute that the Indictment sufficiently charges defendant at Count Two with violating the principal offense of Transfer of Firearms in Violation of the National Firearms Act, defendant's requests to strike all references of aiding and abetting from the government's Statement of the Case and to bar it from arguing any theory involving the same will be denied.  The case law is clear that the failure to list the elements of "aiding and abetting" is not fatal and the elements for this theory of criminal liability need not expressly be listed in the indictment.  Further, the text of the Indictment here expressly indicates that defendant is being charged at Count Two with "aiding and abetting."

For these reasons, Defendant Stratton-Kiehlmeier's Objection to Government *Voir Dire* is unconvincing and the objection will be overruled.  An appropriate order will follow.

<u>Date: July 29, 2024</u>

                                            <u>s/David Stewart Cercone</u>
                                            David Stewart Cercone
                                            Senior United States District Judge

cc:     Molly W. Anglin, AUSA
         Michael J. DeRiso, Esquire

(*Via CM/ECF Electronic Mail*)